UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| XUEJIE HE,<br><br>                              Plaintiff,<br><br>                 -against-<br><br>TRINITY CHURCH; NEW YORK<br>PRESBYTERIAN; MODERN MEDICAL,<br><br>                          Defendants. | 18-CV-9934 (LLS)<br><br>ORDER TO AMEND |

LOUIS L. STANTON, United States District Judge:

Plaintiff Xuejie He is proceeding *pro se* and *in forma pauperis*. She does not set forth a specific cause of action, but the Court liberally construes the complaint as alleging state law claims under the Court's diversity jurisdiction, 28 U.S.C. § 1332. For the reasons set forth below, the Court grants Plaintiff leave to file an amended complaint within 60 days of the date of this order

## STANDARD OF REVIEW

The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

The Court's "special solicitude," *Ruotolo v. I.R.S.*, 28 F.3d 6, 8 (2d Cir. 1994) (per curiam), has its limits, however, because *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. A complaint states a claim for relief if the claim is plausible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor. *Id.* But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions. *Id.* at 678 (citing *Twombly*, 550 U.S. at 555). As set forth in *Iqbal*:

> [T]he pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. A pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertions devoid of further factual enhancement.

*Id.* (internal citations, quotation marks, and alteration omitted). After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

This complaint is not easy to understand because it is written in broken English.[1] The complaint names New York Presbyterian Hospital, Trinity Church, and Modern Medical, and the Court has gleaned from it the following facts. On October 30, 2017, Plaintiff and a friend named Kaiya went to Trinity Church to use its public computers, something they had done before.

---

[1] Plaintiff recently filed another *pro se* complaint in this Court. *See He v. Office of the New York City Comptroller*, No. 18-CV-7806 (UA) (S.D.N.Y. Aug. 27, 2018).

2

Plaintiff asked Jane Doe security guard why the rules governing use of the computers had changed. This led to Jane Doe escorting Plaintiff and Kaiya out of either the computer room or the building. When Plaintiff attempted to return to continue using a computer, Jane Doe "hit" Plaintiff's "body with her chest," "pushed her left arm again with both hands," "poked her right arm with her fingers, trying to violently force her to leave."

Plaintiff suffers from heart disease, and during the incident, she began having symptoms, and over the next hour, she and Kaiya called 911 six times. (ECF No. 2 ¶¶ 1-11.) An ambulance arrived and took Plaintiff to a hospital, presumably New York Presbyterian. Plaintiff makes assertions suggesting that the care she received en route to the hospital was inadequate and slow. Plaintiff was examined, but rather than admit her to the hospital, a doctor referred her to Modern Medical, a walk-in clinic. Plaintiff called 311 twice to complain about what had happened at Trinity Church and "the strangeness and slowness of the ambulance." The 311 operator told Plaintiff that she "needed the police to retrieve the surveillance video of the hall and arrested, criminal [sic]." The operator told Plaintiff to go to the "scene to wait for the police to arrive." Plaintiff "waited at the scene of the incident," and called 911 two more times, but "they still let her wait." Plaintiff's condition "persisted, she vomited and felt very cold." Plaintiff left "the scene," but later received a telephone call from someone asking if she still wanted police assistance. Plaintiff "was afraid at this time. This may be the telephone number of the psychiatric hospital. She did not dare to call the police again." (*Id.* ¶¶ 12-15.)

Plaintiff continued suffering from headaches, dizziness, and chest pains, and she went to Mt. Sinai Hospital on November 22, 2017. Plaintiff obtained medical records and ambulance reports stating that "she was a mental illness." Plaintiff went to Modern Medical on December 18, 2017, and she started physical therapy. On February 7, 2018, someone named Satya Pape

"gave the Plaintiff a separate treatment." Pape "smoked her blood as before her limbs appeared numb." It is not clear if Pape works at Modern Medical or somewhere else. The complaint continues:

> Finally, she see Ilva Kleyn her family doctor this time. Ilva Kleyn; Satya Pape; Jane Doe A doctor; Jane Doe nurse A and Jane Doe nurse B told her that she needed to do EEG because she would feel dizzy when she stood up. She agreed that after 30 minutes of testing, she fell asleep, and Jane Doe nurse A said that it would take another 30 minutes. After she left the clinic, she returned again to take her blood and a request an inspection report. After returning home, she read about why EEG was detected, she was insomnia for a few days, and she panicked. She changed her family doctor, she did not dare to take her EEG report, she did not dare to see a Doctor can only eat Ibuprofen to relieve pain.

(*Id.* ¶ 19.)

On March 23, 2018, Plaintiff slipped on an icy sidewalk, breaking her wrist and suffering other back or spinal injuries. On October 22, 2018, Plaintiff "took the courage to get her EEG report," and the "conclusion is that although the report shows that the Plaintiff has no Epilepsy, it still cannot prove that Plaintiff has no Epilepsy." Plaintiff seeks $20,000,000 for "defamation," $4,330,000 for "criminal injuries," $1,000,000 for "medical treatment," $82,500 for "loss of wages and salaries of nursing staff," $3,247,500 for "pain and pain, loss of enjoyment of life, spiritual suffering," $58,008,456 "for damages for slip on the icy ground," and to gain "legal status in the USA." Plaintiff asserts that she is a citizen of New York and of China. (*Id.* ¶ IV.)

## DISCUSSION

### A.    Federal Pleading Rules

The complaint suffers from several deficiencies, but, overall, the complaint does not comply with Rule 8 of the Federal Rules of Civil Procedure. Rule 8 is designed in part to ensure that defendants receive fair notice of the claims against them and the grounds on which they rest. *See Twombly*, 550 U.S. at 555. Thus, "[a] complaint that fails to comply with [Rule 8(a)(2)] 'presents far too [heavy a] burden in terms of defendants' duty to shape a comprehensive defense

and provides no meaningful basis for the Court to assess the sufficiency of [a plaintiff's] claims.'" *Jackson v. Onondaga Cty.*, 549 F. Supp. 2d 204, 212 (N.D.N.Y. 2008) (citing *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996), *aff'd*, 113 F.3d 1229 (2d Cir. 1997) (unpublished table opinion)).

The facts alleged in Plaintiff's complaint do not give rise to any claims against the named Defendants, and bear no connection to the relief Plaintiff seeks.

First, the complaint does not explain what Defendants did that violated any state laws. For example, the complaint could be construed to allege that Jane Doe security guard committed battery against Plaintiff, but Jane Doe security guard is not named as a Defendant, and Plaintiff does not explain why Trinity Church is named as a Defendant. Also, Plaintiff appears to be asserting medical malpractice claims against Presbyterian Hospital and Modern Medical, but she provides no facts explaining why the care she received at either institution was inadequate or negligent. Plaintiff discusses in her pleading the conduct of many individuals without explaining who they are or what they did. Moreover, many of Plaintiff's allegations are simply impossible to decipher, including, for example, the assertion that someone named Satya Pape "smoked her blood." Plaintiff's complaint must make plain who she seeks to sue, and why she is entitled to relief from them.

Second, Plaintiff seeks relief for claims that appear unrelated to her allegations. For example, Plaintiff purports to seek money damages for defamation, "criminal injuries," "loss of wages and salaries of nursing staff," and for slipping on the icy sidewalk, but the complaint contains no facts suggesting that she would be entitled to relief from the named Defendants in connection with those claims, nor does she assert facts that are necessarily related to those

claims. In addition, Plaintiff should be aware that the Court cannot grant Plaintiff legal immigration status as relief arising from this case.

The Court grants Plaintiff leave to amend her complaint so that she can remedy these problems in her complaint.

**B.      Subject Matter Jurisdiction**

It is not clear that the Court has subject matter jurisdiction over this matter. Subject matter jurisdiction, simply put, is the Court's power to adjudicate a case. The subject matter jurisdiction of the federal district courts is limited and is set forth generally in 28 U.S.C. §§ 1331 and 1332.

Under these statutes, federal jurisdiction is available only when a "federal question" is presented or when plaintiff and defendant are citizens of different states and the amount in controversy exceeds the sum or value of $75,000. "'[I]t is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.'" *United Food & Commercial Workers Union, Local 919, AFL-CIO v. CenterMark Prop. Meriden Square, Inc.*, 30 F.3d 298, 301 (2d Cir. 1994) (quoting *Manway Constr. Co., Inc. v. Hous. Auth. of the City of Hartford*, 711 F.2d 501, 503 (2d Cir. 1983)). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) (noting that "subject-matter delineations must be policed by the courts on their own initiative").

There are no facts in the complaint suggesting that Plaintiff's claims arise under the Constitution or laws of the United States. See 28 U.S.C. § 1331.

Plaintiff's complaint could arguably give rise to state law claims. Should Plaintiff assert a viable state law claim, this Court might have diversity jurisdiction under § 1332. "A plaintiff

asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d Cir. 2008), *aff'd*, 561 U.S. 247 (2010) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)).

1.    Diversity Jurisdiction

To establish diversity jurisdiction under 28 U.S.C. § 1332, a plaintiff must allege that she and the defendant are citizens of different states, and, to a "reasonable probability," that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *Wis. Dep't of Corr. v. Schacht*, 524 U.S. 381, 388 (1998).

a.    Diversity of Citizenship

Plaintiff alleges that she is a resident of both New York and China. Under 28 U.S.C. § 1332(a)(2), diversity of citizenship exists between "citizens of a State and citizens or subjects of a foreign state." However, "an alien admitted to the United States for permanent residence shall be deemed a citizen of the State in which such alien is domiciled." § 1332(a)(2). Thus, under § 1332(a)(2), an alien who has been formally granted permanent residence in the United States is a citizen of the State where the alien is domiciled. *See, e.g., Mejia v. Barile*, 485 F. Supp. 2d 364, 367 (S.D.N.Y. 2007); *Mor v. Royal Caribbean Cruises Ltd*., No. 12-CV-3845 (JGK), 2012 WL 2333730, at *1-2 (S.D.N.Y. June 19, 2012) (noting that "the language of § 1332(a)(2) refers "to an alien litigant's official immigration status."); *see also Kato v. Cty. of Westchester*, 927 F. Supp. 2d 714, 716 (S.D.N.Y. 1996) (explaining that one plaintiff was an Israeli citizen admitted as a permanent resident but the other plaintiff was "plainly an alien for the purpose of assessing diversity jurisdiction, because he is in the United States pursuant to a temporary, nonimmigrant visa.").

If Plaintiff has been lawfully granted permanent residence in the United States, then under § 1332(a)(2), she qualifies as a citizen of the State where she resides for purposes of the Court's diversity jurisdiction. Plaintiff states that she is a citizen of New York, but part of the relief Plaintiff seeks is to obtain "legal status in the USA." This suggests that Plaintiff does not currently have legal status. Because Plaintiff fails to plead sufficient facts about her immigration status, she fails to satisfy her burden of showing that the Court can exercise diversity jurisdiction over this action.

b.      Amount in Controversy

In addition, the plaintiff must allege to a "reasonable probability" that the claim is in excess of the sum or value of $75,000.00, the statutory jurisdictional amount. *See* 28 U.S.C. § 1332(a); *Colavito v. N.Y. Organ Donor Network, Inc.*, 438 F.3d 214, 221 (2d Cir. 2006) (citation and internal quotation marks omitted). There is in this Circuit "a rebuttable presumption that the face of the complaint is a good faith representation of the actual amount in controversy." *Wolde-Meskel v. Vocational Instruction Project Cmty. Servs., Inc.*, 166 F.3d 59, 63 (2d Cir. 1999). But where a complaint does not contain facts plausibly suggesting that the amount in controversy meets the jurisdictional minimum, the Court is not required to presume that the bare allegations in the complaint are a good faith representation of the actual amount in controversy. *See Weir v. Cenlar FSB*, No. 16-CV-8650 (CS), 2018 WL 3443173, at *12 (S.D.N.Y. July 17, 2018) (reasoning that "the jurisdictional amount, like any other factual allegation, ought not to receive the presumption of truth unless it is supported by facts rendering it plausible") (citing *Wood v. Maguire Auto. LLC*, No. 09-CV-0640, 2011 WL 4478485, at *2 (N.D.N.Y. Sept. 26, 2011), *aff'd*, 508 F. App'x 65 (2d Cir. 2013) (summary order)); *Adams v. Netflix HQ*, No. 17-CV-1468, 2017 WL 6618682, at *2 (D. Conn. Sept. 18, 2017) ("The complaint . . . 'must allege facts in a non-

conclusory manner that plausibly establish grounds for relief.'" (quoting *Lapaglia v. Transamerica Cas. Ins. Co.*, 155 F. Supp. 3d 153, 155 (D. Conn. 2016)). To rebut the presumption – where it is warranted – "the defendant must show that the complaint 'was so patently deficient as to reflect to a legal certainty that [the plaintiff] could not recover the amount alleged or that the damages alleged were feigned to satisfy jurisdictional minimums.'" *Colavito*, 438 F.3d at 221 (quoting *Wolde-Meskel*, 166 F.3d at 63.)

Plaintiff does not provide facts plausibly suggesting that the amount in controversy in this action exceeds $75,000.00. As previously discussed, Plaintiff seeks millions of dollars in damages for claims that do not bear any obvious connection to her allegations. In addition, Plaintiff does not provide sufficient facts to state claims against the named Defendants. It therefore appears that the Court lacks subject matter jurisdiction over this action. *See* Fed. R. Civ. P. 12(h)(3). Plaintiff may file an amended complaint to provide more facts in support of her claims and requests for relief.

## LEAVE TO AMEND

Plaintiff is granted leave to amend her complaint to detail her claims. First, Plaintiff must name as the defendants in the caption[2] and in the statement of claim those individuals who were allegedly involved in the deprivation of his federal rights. If Plaintiff does not know the name of a defendant, he may refer to that individual as "John Doe" or "Jane Doe" in both the caption and the body of the amended complaint.[3] The naming of John Doe defendants, however, does *not* toll

---

[2] The caption is located on the front page of the complaint. Each individual defendant must be named in the caption. Plaintiff may attach additional pages if there is not enough space to list all of the defendants in the caption. If Plaintiff needs to attach an additional page to list all defendants, he should write "see attached list" on the first page of the Amended Complaint. Any defendants named in the caption must also be discussed in Plaintiff's statement of claim.

[3] For example, a defendant may be identified as: "Police Officer John Doe #1 on duty August 31, 2010, during the 7-3 p.m. shift."

the three-year statute of limitations period governing this action and Plaintiff shall be responsible for ascertaining the true identity of any "John Doe" defendants and amending his complaint to include the identity of any "John Doe" defendants before the statute of limitations period expires. Should Plaintiff seek to add a new claim or party after the statute of limitations period has expired, he must meet the requirements of Rule 15(c) of the Federal Rules of Civil Procedure. In the statement of claim, Plaintiff must provide a short and plain statement of the relevant facts supporting each claim against each defendant named in the amended complaint. Plaintiff is also directed to provide the addresses for any named defendants. To the greatest extent possible, Plaintiff's amended complaint must:

a) give the names and titles of all relevant persons;

b) describe all relevant events, stating the facts that support Plaintiff's case including what each defendant did or failed to do;

c) give the dates and times of each relevant event or, if not known, the approximate date and time of each relevant event;

d) give the location where each relevant event occurred;

e) describe how each defendant's acts or omissions violated Plaintiff's rights and describe the injuries Plaintiff suffered; and

f) state what relief Plaintiff seeks from the Court, such as money damages, injunctive relief, or declaratory relief.

Essentially, the body of Plaintiff's amended complaint must tell the Court: who violated her federally protected rights; what facts show that her federally protected rights were violated; when such violation occurred; where such violation occurred; and why Plaintiff is entitled to relief. Because Plaintiff's amended complaint will completely replace, not supplement, the original complaint, any facts or claims that Plaintiff wishes to maintain must be included in the amended complaint.

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. Plaintiff is granted leave to file an amended complaint that complies with the standards set forth above. Plaintiff must submit the amended complaint to this Court's Pro Se Intake Unit within sixty days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 18-CV-9934 (LLS). An Amended Complaint form is attached to this order. No summons will issue at this time. If Plaintiff fails to comply within the time allowed, and she cannot show good cause to excuse such failure, the complaint will be dismissed for failure to state a claim upon which relief may be granted.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:    November 6, 2018
          New York, New York

_____
          Louis L. Stanton
          U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-

_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____
(Include case number if one has been assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No

---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____, is a citizen of the State of
                            (Plaintiff's name)

_____
(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____  .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

Page 2

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
          (Defendant's name)

_____

or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____

First Name                 Middle Initial       Last Name

_____

Street Address

_____

County, City                       State           Zip Code

_____

Telephone Number              Email Address (if available)

## B.  Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

    First Name              Last Name

_____

    Current Job Title (or other identifying information)

_____

    Current Work Address (or other address where defendant may be served)

_____

    County, City             State          Zip Code

Defendant 2: _____

    First Name              Last Name

_____

    Current Job Title (or other identifying information)

_____

    Current Work Address (or other address where defendant may be served)

_____

    County, City             State          Zip Code

Defendant 3: _____

    First Name              Last Name

_____

    Current Job Title (or other identifying information)

_____

    Current Work Address (or other address where defendant may be served)

_____

    County, City             State          Zip Code

Defendant 4:

_____
First Name                              Last Name

_____
Current Job Title (or other identifying information)

_____
Current Work Address (or other address where defendant may be served)

_____
County, City                            State            Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____


Date(s) of occurrence: _____

## FACTS:

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

## IV. RELIEF

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| Dated | Plaintiff's Signature |
| --- | --- |

| First Name | Middle Initial | Last Name |
| --- | --- | --- |

| Street Address |
| --- |

| County, City | State | Zip Code |
| --- | --- | --- |

| Telephone Number | Email Address (if available) |
| --- | --- |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.